UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANJA AKHILE, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>EQUINOX HOLDINGS, INC., a Delaware Corporation; EQUINOX FITNESS BERKELEY, INC., a California Corporation; and DOES 1 THROUGH 50, inclusive,<br><br>  Defendants. | Case No: C 19-03331 SBA<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

On May 10, 2019, Plaintiff Anja Akhile ("Plaintiff") filed the instant employment discrimination action against Defendants Equinox Holdings, Inc., a Delaware Corporation ("Equinox") and Equinox Fitness Berkeley, Inc., a California Corporation ("EF Berkeley") in the Superior Court for the County of Alameda. Notice of Removal, Dkt. 1, Ex. A (Complaint). On June 12, 2019, Defendant Equinox removed the action to this Court pursuant to 28 U.S.C. § 1441. Notice of Removal at 1.

Equinox alleges that this Court has subject matter jurisdiction based on diversity of citizenship. Id. ¶ 7 (citing 28 U.S.C. § 1332(a)). According to Equinox, it is a citizen of the States of Delaware and New York. Id. ¶ 10. Equinox acknowledges that both Plaintiff and Defendant EF Berkeley are citizens of the State of California. Id. ¶¶ 14-18. However, Equinox contends that EF Berkeley is a "sham" defendant whose citizenship should be disregarded for the purpose of assessing the Court's jurisdiction. Id.

The Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also 28 U.S.C. § 1447(c) ("If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Although Equinox preliminarily addressed the issue of fraudulent joinder in the Notice of Removal, the Court finds that further briefing is required.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). Under the second theory, on which Equinox appears to rely, the removing defendant must show that "there is no possibility" that the plaintiff can prevail against the non-diverse defendant. Id. at 549, 551 (rejecting application of the Rule 12(b)(6) "failure to state a claim" standard). As the Ninth Circuit has recognized, a defendant invoking diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" in light of the "general presumption against [finding] fraudulent joinder." Id. at 548 (citations omitted).

The issue of fraudulent joinder may be resolved by looking beyond the pleadings, including the consideration of "summary judgment-type evidence," Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001), and/or materials of which the court may take judicial notice, Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1320 (9th Cir. 1998). See also Grancare, 889 F.3d at 549 ("the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined").

Finally, because a finding of fraudulent joinder involves a determination that the plaintiff cannot state a claim against the non-diverse defendant, see Grancare, 889 F.3d at 549-50, the Court may, upon resolution of this issue, dismiss any fraudulently joined defendants. See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (holding that a trial court may dismiss a complaint or claim sua sponte provided that the plaintiff is given notice and an opportunity to respond in writing).

Accordingly,

IT IS HEREBY ORDERED THAT:

1.  Equinox shall show cause why this action should not be remanded for lack of subject matter jurisdiction due to the presence of a non-diverse defendant. Equinox shall file a written response to this Order, not to exceed ten pages, by July 26, 2019. Failure to file a timely response may result in the remand of the action without further notice.

2.  Plaintiff may file a response to Equinox's filing, not to exceed ten pages, by August 2, 2019. Plaintiff is hereby given notice that the failure to file a timely response may result in the dismissal of Defendant EF Berkeley without further notice.

3.  Equinox may file a reply, not to exceed five pages, by August 9, 2019.

4.  Any factual assertions in the parties' writing filings shall be supported by a declaration, other summary-judgment-type evidence, or materials of which the Court may take judicial notice.

IT IS SO ORDERED.

Dated: 07/12/2019

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge